## CHRISTIAN FARNI *et al.*

### *v.*

## EDWARD P. TESSON *et al.*

AMENDED INJUNCTION BOND—*when properly filed.* The original injunction bond filed in a cause was insufficient, and a motion was made to dissolve the injunction on that ground; thereupon the complainant moved for leave to file an amended bond, and an amended bond was filed: *Held*, that upon an order of the court refusing the motion to dissolve the injunction, the amended bond would be presumed to be properly upon the files, even in the absence of an order of court expressly granting leave for it to be filed; and in an action upon such bond, it could not be alleged against it, it was filed without leave of the court.

WRIT OF ERROR to the Circuit Court of Woodford county; the Hon. S. L. RICHMOND, Judge, presiding.

The opinion states the case.

Mr. ALEXANDER McCOY and Mr. H. B. HOPKINS, for the plaintiffs in error.

Messrs. INGERSOLL & McCUNE, for the defendants in error.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

Tesson and Danjin recovered a judgment against Boutcam and Carey, upon which an execution was issued and levied on real and personal property. The defendants in the execution obtained an injunction against the sheriff, in consequence of which the personal property levied upon was released. The injunction bond first given was defective, and was not in compliance with the order allowing the injunction. The defendants moved to dissolve on that ground, and the complainants, on the 12th of January, 1858, filed a new bond with the clerk, and on the 30th of the same month moved for leave to file the bond *nunc pro tunc*. The record does not show leave granted, but in March, 1858, the motion to dissolve was heard, and an order was entered, which, though very imperfectly drawn, can only be understood, in view of the entire record, as overruling the motion to dissolve. Whether the order is to be construed as expressly overruling the motion or not, it is certain the court did not then allow it, as the record shows that at the subsequent October term, a motion to dissolve was heard on "the bill, answers, exhibits, affidavits and evidence on file in said cause," and the court dissolved the injunction, whereupon the complainants dismissed the bill.

This is a suit on the second bond filed, and it is defended on the ground that it was filed without the authority of the court, and never accepted by the defendants in that suit, the plaintiffs in this.

We are of opinion that the answer made to this position is entirely satisfactory. It was the duty of the complainants, under the order allowing the injunction, to file a good and sufficient bond. Instead of doing this, they filed one admitted to be insufficient. It was the right of the defendants, as soon as they brought this defect to the notice of the court, to have the injunction dissolved. The complainants, to prevent this,

placed upon the files of the court such a bond as it was their duty to have given in the first instance, and they sought, by motion in court, to have this act ratified. The record, it is true, shows no such authority given, but as the court refused to allow the motion to dissolve the injunction, we must presume it did so because of the new bond on file. We do not say this was the proper course to pursue, but as the original bond was admitted to be worthless by the complainants' cross motion for leave to file a new one *nunc pro tunc*, and as the court did not dissolve the injunction, we can explain its action only by the fact that the new bond was on file, and considered by the court as properly filed. The evidence of complainants' counsel in regard to their motives in placing this bond on file, we do not consider admissible. The bond was in point of fact filed, and the action of the court shows that it regarded the bond as filed, and it was accepted by the defendants in the same sense as defendants always accept a bond in cases of this kind, not willingly, but from necessity. They asked the court to decide that no bond was on file and dissolve the injunction, and this the court refused to do. The complainants had the benefit of this bond. It was the only valid bond they filed in obedience to the order granting the injunction; it was executed by the same parties as the imperfect bond, and as it was duly executed and filed in that cause, and must have been so treated by the court, and as the plaintiffs in this suit lost their levy on the personal property by means of the injunction wrongfully sued out, it can not now be permitted to these defendants to say that their bond thus executed and filed was not valid, because the record shows no formal order authorizing it to be done. The original order allowing the injunction required the complainants in that suit to give a valid bond. This bond is the only valid bond ever given by them. It was given in order to comply with such order. Its filing with the clerk was a virtual delivery. The defendants, the present plaintiffs, were compelled by the action of the court to accept it, and every consideration of justice demands that they should be

permitted to maintain their suit, and that the defendants should not be allowed to deny the validity of their own act.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*